IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DANNY MARCUM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | Case No.:<br><br>Removed from<br>Estill Circuit Court<br>Civil Action No. 19-CI-00244 |

## PRUDENTIAL'S NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and is currently pending in Estill Circuit Court, Case No. 19-CI-00244. In support of this Notice of Removal, Prudential states the following:

### Timeliness And Background

1.　On November 27, 2019, Plaintiff Danny Marcum ("Plaintiff") commenced a civil action against Prudential by filing a complaint in Estill Circuit Court. The lawsuit is recorded on that court's docket as Case No. 19-CI-00244. There are no other parties named in Plaintiff's complaint.

2.　Plaintiff served Prudential with the Complaint on December 11, 2019. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibit A.

3.　Because Prudential has filed this Notice of Removal within thirty days of being served, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

**Federal Question Jurisdiction**

4. In his Complaint, Plaintiff purports to bring a claim under the Employment Retirement Income Security Act of 1974 (ERISA), seeking long-term disability ("LTD") benefits allegedly due to his disability under an insurance plan offered by his former employer, Sekisui S-Lec America, LLC. (the "Plan"). (*See* Ex. A, Compl. ¶¶ 6-7, 14-20, 36.) *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought  (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .").

5. Even if Plaintiff did not explicitly invoke ERISA in bringing suit, ERISA would provide an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including the claim for breach of contract alleged in the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

6. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, Plaintiff's Complaint, alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. (*See* Ex.A, Compl. ¶ 36.) For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id*.

8.     The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

## Venue and Notice

9.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 97(b), this Court embraces Estill County, the location of Estill Circuit Court, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. *Id.*

10.     Prompt written notice of this Notice of Removal will be sent to Plaintiff through his counsel, and to the Clerk of Court for Estill Circuit Court, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit B.

11.     Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant, the Prudential Insurance Company of America, submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Eastern District of Kentucky. Prudential also requests all other relief, at law or in equity, to which it is justly entitled.

60717305v.1

**DATED: December 30, 2019**　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　THE PRUDENTIAL INSURANCE
　　　　　　　　　　　　　　　　　　　　　COMPANY OF AMERICA


　　　　　　　　　　　　　　　　　　　　　By: */s/ Buddy J. VanCleave*
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Prudential

Buddy J. VanCleave
buddy.vancleave@qpwblaw.com
QUINTAIROS, PRIETO, WOOD
& BOYER, P.A.
9300 Shelbyville Road
Suite 400
Louisville, KY 40222
Telephone: (502) 423-6390
Facsimile: (502) 423-6391

4

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served upon the following, using the Court's ECF filing system on this 30th day of December 2019:

> Elizabeth A. Thornsbury
> elizabeth@austinmehr.com
> M. Austin Mehr
> amehr@austinmehr.com
> Mehr, Fairbanks & Peterson Trial Lawyers, PLLC
> 201 West Short Street, Suite 800
> Lexington, KY 40507

> By: */s/ Buddy J. VanCleave*
> Attorney for Prudential