# EXHIBIT A

COMMONWEALTH OF KENTUCKY
ESTILL CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

DANNY MARCUM                                                              PLAINTIFF

vs.                              **COMPLAINT**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA           DEFENDANT

       **To be served through:**
       CT Corporation System
       306 West Main Street
       Suite 512
       Frankfort, KY 40601

                         \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

      Comes the Plaintiff, Danny Marcum, and for his Complaint against Defendant The Prudential Insurance Company of America, states as follows:

1. The Plaintiff, Danny Marcum, is a citizen and resident of Estill County, Kentucky.

2. Defendant The Prudential Insurance Company of America ("Prudential") is an insurance company believed to be domiciled in the state of New Jersey, with its statutory home office located at 751 Broad Street Newark, New Jersey 07102.

3. Prudential is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. Prudential's service of process agent is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, and can be served through the said service of process agent.

5. Jurisdiction is proper in this Court because Prudential transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and

Plaintiff resides in, and was caused harm in, Estill County, Kentucky. Defendant's breach of its payment obligations took place in Estill County, where benefits are payable.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Sekisui S-Lec America, LLC ("Sekisui"), employed as a Shipping & Receiving Operator.

7. Sekisui and/or Sekisui America Corporation established an provided a short-term disability plan ("STD Plan") to its employees, which includes Plaintiff. The group contract number is believed to be G-51374-NJ

8. Plaintiff was covered and eligible under the STD Plan.

9. The STD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

10. The short-term disability policy defines disability and entitles Plaintiff to receive short-term disability ("STD") benefits if Plaintiff meets the following definition:

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
>
> - you are unable to perform the ***material and substantial duties*** of your ***regular occupation*** due to your ***sickness*** or ***injury***;
>
> - you are under the ***regular care*** of a ***doctor***; and
>
> - you have a 20% or more loss in ***weekly earnings*** due to the same sickness or injury.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.[1]

---

[1] Emphasis in original.

2

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the short-term disability policy.

12. Plaintiff, while working for Sekisui, became disabled under the terms of the short-term disability policy, which disability arose after the Effective Date of the short-term disability policy, and he was unable to return to work at Sekisui on or about June 8, 2018.

13. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the STD policy. Plaintiff's STD disability claim number is believed to be 12458594.

14. Plaintiff's claim was approved for a period time before future STD benefits were denied.

15. By letter dated November 6, 2018, Defendant denied Plaintiff's claim for STD benefits under the policy beyond August 30, 2018.

16. By letter dated May 3, 2019, Plaintiff timely and properly appealed the denial of his STD benefits, in the manner set forth in the applicable policy.

17. By letter dated October 21, 2019, Defendant upheld the denial of Plaintiff's claim for STD benefits.

18. The October 21, 2019 letter stated that Plaintiff "may file a lawsuit under the Employee Retirement Income Security Act (ERISA)."

19. Plaintiff has timely and properly exhausted any required administrative remedies and appeals for his STD claim.

20. The STD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

3

Filed        19-CI-00244    11/27/2019              Stephanie Brinegar Cassidy, Estill Circuit Clerk         NOT ORIGINAL DOCUMENT
                                                                                                          12/30/2019 10:07:35 AM
                                                                                                          48398

Case: 5:19-cv-00504-KKC   Doc #: 1-1   Filed: 12/30/19   Page: 5 of 8 - Page ID#: 10

21. Under the terms of the insurance policy, Plaintiff is entitled to continued STD benefits until the maximum benefit duration date in the policy.

22. Plaintiff is entitled to payment of STD benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

23. Plaintiff also had, at all times relevant to the claims asserted herein, long-term disability ("LTD") insurance coverage with Defendant through his employment with Sekisui.

24. Plaintiff was covered and eligible under the long-term disability Plan ("LTD Plan"). The group contract number is believed to be G-51374-NJ.

25. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

26. Benefits are payable to Plaintiff under the LTD insurance policy because he is disabled, as defined in the insurance policy, from performing his past occupation at Sekisui and any other gainful occupation.

27. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that:
>
> - you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and
>
> - you are under the *regular care* of a *doctor*; and
>
> - you have a 20% or more loss in your *monthly earnings* due to that sickness or injury.
>
> After 24 months of payments, you are disabled when due to the same sickness or injury:

- you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and

- you are under the regular care of a doctor.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.[2]

28. Defendant has a responsibility for payment of any LTD benefits due according to the terms and conditions of the long-term disability policy.

29. The Plaintiff, while working at Sekisui, became disabled under the terms of the long-term disability policy, and he was unable to return to work at Sekisui since on or about June 8, 2018.

30. The Plaintiff was unable to perform the material duties of his own occupation, and any other gainful occupation, since on or about June 8, 2018, as a result of sickness or injury.

31. The Plaintiff applied for LTD benefits with the Defendant in a timely fashion, in the manner outlined in the insurance policy. Defendant's claim number for Plaintiff is believed to be 12458594.

32. By letter dated November 6, 2018, Defendant denied Plaintiff's claim for LTD benefits under the policy.

33. On or about May 3, 2019, Plaintiff timely and properly appealed the denial of his LTD benefits, in the manner set forth in the applicable policy.

34. By letter dated October 21, 2019, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

---

[2] Emphasis in original.

5

Filed          19-CI-00244     11/27/2019          Stephanie Brinegar Cassidy, Estill Circuit Clerk          NOT ORIGINAL DOCUMENT
12/30/2019 10:07:35 AM
48398

Case: 5:19-cv-00504-KKC   Doc #: 1-1   Filed: 12/30/19   Page: 7 of 8 - Page ID#: 12

35. The October 21, 2019 letter stated that Plaintiff "may file a lawsuit under the Employee Retirement Income Security Act (ERISA)."

36. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

37. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

38. Under the terms of the insurance policy, Plaintiff is entitled to monthly LTD benefits.

39. The Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

## COUNT I

40. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

41. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

42. Defendant's decisions to terminate STD benefits and deny LTD benefits, and its refusal to reinstate STD benefits and approve LTD benefits after receiving additional evidence on appeal, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan(s), interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

43. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

6

Filed 19-CI-00244 11/27/2019 Stephanie Brinegar Cassidy, Estill Circuit Clerk NOT ORIGINAL DOCUMENT
12/30/2019 10:07:35 AM
48398

Case: 5:19-cv-00504-KKC   Doc #: 1-1   Filed: 12/30/19   Page: 8 of 8 - Page ID#: 13

44. Defendant has failed to perform a full and fair review as required under 29 U.S.C. § 1133 and the associated ERISA regulations.

45. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted,

/s/ *Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Attorney for Plaintiff*